James Rayburn **HARRINGTON**, Appellant,

v.

Lillian **HARRINGTON**, Appellee.

No. 15606.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1970.

Mac L. Bennett, Jr., Normangee; W. T. Bennett, Huntsville, of counsel, for appellant.

W. E. Barron, Navasota; Lawrence, Thornton & Payne, Billy Payne, Bryan, for appellee.

PEDEN, Justice.

The appellant complains of the trial court's disposition of the property of the parties in a divorce case. He does not question the granting of the divorce to the appellee.

This case was tried before the court without a jury. The record consists of a statement of facts and a transcript. The trial court's judgment specifically determines that the parties' various items of property constituted community property and it designates which party takes each item. No other conclusions of law and no findings of

fact are contained in the record, and it does not reflect that any were requested.

Appellant's first two points of error are "no evidence" points. The first complains of the trial court's holding that a certain 36.02 acre tract of land was community property of the parties, and the second asserts that since that tract was appellant's separate property, the trial court lacked authority to divest him of his title to it by awarding it to the appellee.

In deciding "no evidence" points we may only consider the evidence which tends to support the trial court's finding and must disregard any that leads to a contrary conclusion. Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup.1962).

It is uncontroverted that the parties were married in 1940 and that neither of them then owned any of the property in which they had any interest when the divorce was granted.

"All property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Art. 4619, Vernon's Ann. Civil Statutes, which was in effect when this judgment was entered on October 8, 1969.

Title to the 36.02 acre tract was received by J. R. and Lillian Harrington during their marriage by a deed from J. D. Moody which recites that he conveyed it to them in exchange for three tracts, one of which contained 59.6 acres. Appellant's first two points of error depend on his showing that there was no evidence that the 59.6 acre tract was community property.

■ The appellant introduced in evidence a deed dated December 11, 1968 reciting that his mother, Mrs. Katherine J. Harrington, conveyed to Rayburn Harrington (the appellant) the 59.6 acre tract for and in consideration of the sum of ten dollars and other good and valuable consideration paid by him, receipt of which was acknowledged. The parties were married to each other throughout December

of 1968. It is well settled that property conveyed to the husband during a marriage is presumed to belong to the community and that the burden is on the claimant to rebut the presumption.

■ The appellee testified that she and her husband had purchased the 59.6 acre tract from Mrs. Katherine Harrington by promising to pay her five thousand dollars for it. Property purchased during the marriage on credit is community property unless an agreement exists that the separate estate of one of the vendees only shall be looked to by the vendor for satisfaction of the credit extended. Dillard v. Dillard, 341 S.W.2d 668 (Tex.Civ.App.1960, writ ref. n. r. e.) citing Goodloe v. Williams, 302 S.W.2d 235 (Tex.Civ.App.1957, writ refused).

■ The appellee's testimony was sufficient evidence to raise a fact issue as to whether the 59.6 acre tract was community property.

We overrule the appellant's first two points of error. It will not be necessary for us to discuss the appellee's contention based on the doctrine of commingling.

■ The appellant's third point of error alleges that there is no evidence to support the trial court's finding that a 145.1 acre tract (which the trial court awarded to the appellant) was community property because the appellant's father deeded it to him as a gift.

We overrule the point. There is in evidence the deed by which the 145.1 acre tract was conveyed to J. R. Harrington while the parties were married. It recites that he paid ten dollars and other good and valuable consideration for the land. This testimony gives rise to the presumption which we have noticed that the tract was community property.

The appellant's testimony that his father had given the land to him by paying all of the consideration to the grantor for him was not corroborated. The appellee was asked

on cross-examination whether she knew when her husband got the 145.1 acres. Her answer was that she did not but that she knew he cashed a lot of bonds. She is entitled to an inference from such answer that he cashed them at or about the time the 145.1 acre tract was acquired.

■ Appellant's testimony that his father gave him the land was also contradicted by the testimony of his sister. Further, since there is evidence in the record which tends to discredit or impeach his testimony, and he is an interested witness, his testimony does nothing more than raise a fact issue as to how the 145.1 acre tract was acquired. Anchor Casualty Co. v. Bowers, 393 S.W.2d 168 (Tex.Sup.1965); Kirtley v. Kirtley, 417 S.W.2d 847 (Tex. Civ.App.1967, writ dism.).

The appellant's last three points of error were discussed and briefed together, because each of them deals with the same property and the same consideration as to the exercise of discretion by the trial court.

Fourth Point. "The Trial Court erred in failing to order the dairy and milking equipment and the one lot of fifty (50) head of dairy cattle and one lot of fifty-six (56) head of dairy cattle and one lot of twenty-one (21) head of dairy cattle sold, and the funds received therefrom applied to the satisfaction of community debts, together with other personal properties of Appellant and Appellee, in avoidance of prejudice to Appellant and the creditors of said parties.

Fifth Point. "The Trial Court erred in setting apart and awarding title to the one lot of fifty-six (56) head of dairy cattle and the one lot of twenty-one (21) head of dairy cattle without first satisfying and discharging the indebtedness owed thereon as is found and adjudicated within the Trial Court's Final Judgment.

Sixth Point. "The Trial Court erred in awarding and setting apart the residue of the 70.86 acre tract of land, the dairy equipment, one lot of fifty (50) head of dairy cattle, one lot of fifty-six (56) head of dairy cattle and one lot of twenty-one (21) head of dairy cattle to Appellee, subject to indebtedness charged to Appellee in the sum of $31,077.00, with the remaining indebtedness charged to Appellant, for the reason that the same is so against the overwhelming weight and preponderance of the evidence so as to render the adjudication made manifestly wrong and unjust in division of property and adjudication of debts."

Art. 4638, Vernon's Ann.Civ.St., was in effect when this case was tried. It provided: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

"In connection with the matters a trial court has been held authorized to consider in such determination are included: (1) cause of the parties' inability to live together as husband and wife, or the conduct that contributed to the divorce; (2) the benefits that the spouse not at fault in the breakup of the marriage would have derived from the estate of the other through a continuance of the marriage; (3) disparity in earning powers of the parties, their business opportunities, capacities and abilities; and (4) relative conditions of the parties, their obligations, ages and size of their separate and community estates. See the more recent cases in 15 Tex. Digest, Divorce, ☞252, Division of property." Middlesworth v. Middlesworth, 380 S.W. 2d 790 (Tex.Civ.App.1964, no writ).

There was evidence in our case from which the trial court was entitled to conclude that the appellee was entitled to favorable consideration in the division of the community estate by reason of each of these recited factors.

In deciding whether the trial court abused its discretion in distributing the community property of the parties we look to the division of the real property as well as the personal property and the community debts.

There was evidence in the record from which the trial court was entitled to determine that the value of the 145.1 acre tract determined to be community property and awarded to the appellant was $65,295., and the appellant represented to the court that the value of the 36.02 acre tract awarded to the appellee was $30,000., so the trial court could have determined that the disparity in appellant's favor as to the value of the real property amounted to $35,295. The appellant complains that under the trial court's judgment the disparity in the appellee's favor as to the value of the personal property and debts amounts to $41,797.77.

In the absence of a request for findings of fact and conclusions of law, when deciding whether the trial judge abused his discretion in dividing the community property, we must consider the evidence as a whole and all reasonable inferences that may be drawn therefrom in the light most favorable to the appellee. Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App.1966, no writ).

Even if we consider the appellant's figures the net advantage to the appellee amounts to $6,502.77. We think the trial judge was acting well within his discretion in ordering the property divided and the debts allocated as he did. We have considered all the evidence in this case and have concluded that such division of the property and allocation of the debts was not so against the overwhelming weight of the evidence as to be clearly wrong.

We find no merit in the appellant's contention that the court abused its discretion in that the appellant remains personally liable to the Security State Bank for the debt on the lot of 21 head of dairy cattle and the lot of 56 head of dairy cattle despite the fact that the divorce decree charges the debt to the appellee.

It is true that the court lacked the power to disturb the bank's right to look to the appellant for payment of the debt, but we cannot say that the court abused its discretion in awarding the cattle to the appellee and ordering that she be charged with payment of the debt.

Affirmed.