Darlene Ruth **BOWMAN**, Appellant,

v.

Phyllis Bowman **SIMPSON**, Appellee.

No. 7900.

Court of Civil Appeals of Texas, Beaumont.

Jan. 6, 1977.

Rehearing Denied Feb. 3, 1977.

**100**

Andrew C. Brown, Houston, for appellant.

Stephen Wayne Hanks, Houston, for appellee.

KEITH, Justice.

The appeal is by the widow of the decedent from a judgment of the probate court finding that two particular items of property constituted assets of the estate.

Fred E. Bowman died intestate leaving as his survivors our appellant, Darlene Ruth Bowman his widow; and Phyllis Bowman Simpson, his daughter by a prior marriage and sole descendant. During the existence of the marriage of the decedent and appellant, they had accumulated a fund approximating $20,000 which was on deposit in an account in Contintental Emsco Federal Credit Union, and a number of valuable coins worth in excess of $12,400 were in a safe deposit box in a bank.

The cause was submitted upon an agreed stipulation of facts which included the following:

As to the Credit Union balance: (1) on November 4, 1963, decedent and his wife executed a "Joint Share Account Agreement" applicable to such deposits, wherein they agreed with each other and with the credit union that "[a]ll sums now paid in on shares, or heretofore or hereafter paid in on shares by [either] of said joint owners to their credit as such joint owners with all accumulations thereon, are and shall be owned by them jointly, with right of surviv-

orship"; (2) the parties intended to create joint interests with right of survivorship in and to all deposits made pursuant to such agreement; and (3) the credit union was and is one organized under the pursuant to Title 12, United States Code Annotated § 1751 (1969), et seq.

The safe deposit rental agreement applicable to the box wherein the coins were kept was executed by the decedent and wife on May 29, 1967, contained a Co-Tenancy Agreement providing, in substance:

> "[I]t is agreed that each (or either) of the undersigned is the owner of the present and future contents of the box and that in the event of death of any (or either) of the undersigned, the survivors or survivor shall have the right to withdraw said contents."

The stipulation recites that the parties intended to create joint interests with right of survivorship in the property in such box, and that all sums of money deposited in said box were placed therein pursuant to the agreement.

■ The stipulation is silent as to any other steps which the decedent and his wife may have taken in their efforts to create a joint tenancy in and to the funds and coins with a right of survivorship.[1] Under the rule governing review of agreed cases, we are not permitted to draw any inference or find any fact not embraced in the agreement unless as a matter of law such further inference or fact is necessarily compelled by the evidentiary facts agreed upon. *Brown v. International Service Insurance Company*, 449 S.W.2d 491, 492 (Tex.Civ. App.—Beaumont 1969, writ ref'd n. r. e.), and cases therein cited.

■ Appellant's first point of error is based upon an amalgam of three diverse elements: She argues that the Supremacy Clause of the federal constitution (Art. VI, Cl. 2) makes a federal statute [12 U.S.C.A.

1. *See Williams v. McKnight*, 402 S.W.2d 505, 508 (Tex.1966). See also, *Texas Family Law* (Speer's 5th Ed., Simpkins, 1976) § 22.17, pp. 448–450.

§ 1759 (1969)][2] operative in Texas under the rationale of *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962). Thus, appellant contends that since the federal statute permits the use of joint tenancy agreements with right of survivorship, it is supreme in the field and governs shares (deposits) in federal credit unions. We find no merit in the contention, and the point is overruled.

A well-written opinion by the Supreme Judicial Court of Maine faced the precise question now urged by appellant and rejected the contention after reviewing the legislative history of the federal statute. We follow *DiPierro v. Dudley,* 317 A.2d 824, 827–828 (Maine Sup.Ct.1974), where it was held:

> "We thus conclude that the amendment to Section 1759 in 1946 was not intended to create a type of joint tenancy which would contravene state law but only to place the various federal credit unions in a position of competitive equality with other banking institutions serving the same geographical areas."[3]

*Free v. Bland,* supra, is readily distinguishable from the facts in the case at bar. The survivorship provision relating to savings bonds issued by the United States Government prevails over State law because it is an integral part of the exercise of federal power, and directly involves the interests of the Federal government as a borrower. This is made abundantly clear by two short excerpts which we take from *Free v. Bland,* supra:

> "Article I, § 8, Clause 2, of the Constitution delegates to the Federal Government the power '[t]o borrow money on the credit of the United States.' Pursuant to this grant of power, the Congress authorized the Secretary of the Treasury, with the approval of the President, to issue savings bonds in such form and under such conditions as he may from time to time prescribe . . .." (369 U.S. at 666, 82 S.Ct. at 1092).

\* \* \* \* \* \*

> "The success of the management of the national debt depends to a significant measure upon the success of the sales of the savings bonds. The Treasury is authorized to make the bonds attractive to savers and investors. One of the inducements selected by the Treasury is the survivorship provision, a convenient method of avoiding complicated probate proceedings." (369 U.S. at 669, 82 S.Ct. at 1093).

In this instance, the dispute is wholly between two individuals, and the rights of the federal government are in no manner involved. See *Bank of America National Trust and Savings Association v. Parnell,* 352 U.S. 29, 33, 77 S.Ct. 119, 1 L.Ed.2d 93 (1956). The Supreme Court, in *Free,* supra, recognized that state law will control in cases where the litigation is between two private parties (as in *Parnell,* supra) and does not "intrude upon the rights and duties of the United States." (369 U.S. at 669, 82 S.Ct. at 1094). Point of error number one is overruled.

▮ We quote appellant's second point of error:

> "The trial court committed reversible error by refusing to recognize the survivor's ownership of property located in a safe deposit box the contents of which were controlled by a joint tenancy with right of survivorship agreement."

The appellant-widow argues that the decision in *Hilley v. Hilley,* 161 Tex. 569, 342 S.W.2d 565 (1961), as explained in *Williams v. McKnight,* 402 S.W.2d 505 (Tex.1966), along with the adoption of Tex. Family

---

2. The federal statute noted, insofar as material to this case, reads: "Shares [connoting membership in a Federal credit union] may be issued in joint tenancy with right of survivorship with any persons designated by the credit union member, but no joint tenant shall be permitted to vote, obtain loans, or hold office, unless he is within the field of membership and is a qualified member."

3. It was the 1946 amendment to the basic statute which permitted such unions to issue shares in joint tenancy with a right of survivorship. Historical note following 12 U.S.C.A. § 1759 (West 1969, p. 17). Later amendments to § 1759 did not affect this language added in 1946.

Code Ann. § 5.42 (1975), authorized the creation of a joint tenancy with right of survivorship by the single simple act of signing the bank form governing the safe deposit box. We disagree and overrule such point of error.

The Supreme Court, in *Hilley*, supra, held that as to separate property, the spouses could create a joint tenancy between them with right of survivorship. But, as pointed out in *Williams v. McKnight*, supra:

> "When the property is initially community, *it must be rendered separate by statutory partition before survivorship rights* arise from a joint tenancy agreement between husband and wife." (402 S.W.2d at 507) (Emphasis added)

This is, necessarily, a two-step procedure: First, the partition of the community property must be effected in accordance with the provisions of Tex. Family Code Ann. § 5.42 (1975); then, *after* such partition has been effected, the joint tenancy agreement with right of survivorship may be entered into. We have no indication that the first step was ever taken in this case.

Appellant seemingly recognizes that a two-step proceeding is required but argues that the agreement (safe deposit signature card) effected a partition while simultaneously creating a right of survivorship. This argument was rejected in *Williams v. McKnight*, supra (402 S.W.2d at 508), and is rejected here.

The judgment of the probate court finding that the money on deposit with the federal credit union and the safe deposit box was properly included in the estate of the decedent was correct and is affirmed.

AFFIRMED.

STEPHENSON, J., not participating.