Ex parte Allen L. SHELTON.

Ex parte Richard L. KOLLINGER.

Nos. 20034, 20046.

Court of Civil Appeals of Texas, Dallas.

May 31, 1979.

Kayo Mullins, Dallas, for appellant.

Nikki T. DeShazo, Dallas, for appellee.

Mike McCurley, McGuire, Levy & McCurley, Irving, for appellant.

Ronald L. McKinney, Hoppenstein & Prager, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

These two applications for habeas corpus present the question of whether a provision in a divorce decree ordering one of the parties to pay future medical expenses for the children, but without specifying them or prescribing any procedure for determining the amount, is enforceable by contempt and confinement in jail. We hold that such an order lacks the certainty required for such enforcement. Accordingly, we have granted the writs applied for in both cases, and we now state the reasons for our decision.

■■■ The test of the certainty required of an order enforceable by contempt is that it must spell out the details of compliance in clear, specific, and unambiguous terms so that the person affected by the order will readily know exactly what obligations are imposed on him. *Ex parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967). By that test, neither of these decrees are sufficiently specific. In one case the relator was ordered to pay the medical and dental bills of the three minor children until they should reach the age of eighteen years. In the other, the relator was ordered to maintain a medical and hospitalization insurance policy covering the children until they should reach age eighteen and to pay, as additional child support, the premiums in such policy and all other medical and hospitalization expenses for the children not covered by insurance.

Enforcement of such provisions as these in particular cases would necessarily give rise to many questions. Are dental expenses included? Orthodontic services? Plastic surgery? Prescription or non-prescription drugs? Who determines the necessity of treatment or the level of services? To whom is payment to be made? How much time is allowed to raise the money before a contempt charge is proper? Is the party charged with contempt permitted to question the necessity of the treatment or reasonableness of the amount? Does presentation of a bill raise a presumption of necessity of treatment and reasonableness of charges? May the obligated parent be held in contempt for failure to pay a bill which has been disallowed by the insurer?

None of these questions can be determined from the decrees in question. We conclude that they do not spell out the details of compliance in such clear, specific, and unambiguous terms that persons affected by them will readily know exactly what obligations are imposed. Consequently, they are not enforceable by contempt.

We express no opinion as to the validity of such decrees in an action to enforce the obligation as a matter of contract or as a debt under section 14.09(c) of the Texas Family Code. In any such action, presumably, questions of the sort above mentioned may be litigated and determined before the obligation to pay is established.

■■■ In a contempt proceeding we see no distinction in principle between a general order to pay unspecified future medical expenses and an order to pay other expenses necessary for welfare of the children, such as clothing and educational expenses. Such expenses may properly be included in determining the amount of periodical support payments fixed by a divorce decree. If not sufficient in a particular case, the remedy is modification under section 14.08 of the Code.

Writs of habeas corpus granted.