**James Williams ROBBINS, Appellant,**

v.

**Dana Lynn ROBBINS, Appellee.**

**No. 17646.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 8, 1980.

---

Hoover, Cox & Shearer, Kent J. Browning, Houston, for appellant.

Mary Bacon, Houston, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

This is an appeal from a judgment in a divorce action.

After a non-jury trial, the trial court entered a decree of divorce without regard to fault, appointed the wife managing conservator of the parties' two minor children, awarded child support and divided the marital estate.

In his first point of error, the husband contends that the trial court abused its discretion by making an unequal division of the community estate in the wife's favor.

The record does not reflect that findings of fact or conclusions of law were made or requested, and this court must, therefore, consider the evidence and all reasonable inferences to be drawn therefrom in a light most favorable to the appellee. *Harrington v. Harrington*, 451 S.W.2d 797 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). It must also be presumed that the trial court took into consideration the entire circumstances of the parties in dividing their property. *Musslewhite v. Musslewhite*, 555 S.W.2d 894 (Tex.Civ.App.—Tyler 1977, writ dism'd).

There is evidence in the record of the case at bar from which the trial court could have determined the values of the properties respectively awarded to the parties to be as follows:

| Description of Property | Awarded to Wife | Awarded to Husband |
|---|---|---|
| Proceeds from sale of residence | $28,309.00 | $ 3,434.73 |
| Prepaid Federal Income Tax (undetermined amount) | 50% | 50% |
| U.S. Savings Bond | 3,000.00 | 3,000.00 |
| Passbook Savings Account at Republic of Texas Bank | ____ | 3,202.69 |
| C.D. at Republic of Texas Bank | ____ | 1,482.27 |
| Gulf Oil Company Stock (328 shares at $27 per share) | | 8,856.00 |
| Gulf Oil Company Stock (accrued rights and Trasop program, value undetermined) | 50% | 50% |
| Overtime Strike Pay | 1,900.00 | 1,900.00 |
| Retirement Benefits (Value undetermined) | 50% | 50% |
| Personal Checking Account | nominal | nominal |
| Gulf Employee's Credit Union | 1,137.14 | 758.00 |
| Automobile (no evidence of value) | 1972 Chevrolet | 1969 Dodge |
| Furniture | 5,000.00 | 10,000.00 |
| Total Award of Property | 44,346.14 | 32,633.79 |

Thus, the evidence, when considered in a light most favorable to the wife, indicates

an award to the wife of approximately 58% of the community property and an award to the husband of approximately 42% of the community estate.

In addition to the above-mentioned award, the wife received the sum of $9,847.00 as her separate estate and, as managing conservator for the two minor children, two community-owned certificates of deposit worth $4,107.76.

At the time of their separation the parties had been married for thirteen years. During the first three years of their marriage the wife had taught school, but subsequent to that time, until the separation, she had not worked outside the home. At the time of the divorce she was working as a clerk, receiving a salary of approximately $9,936.00 per year. There is evidence from which the trial court could have concluded that the husband's annual salary was approximately $31,000, about three times that of his wife. The parties' residence was sold prior to the divorce, and the wife and the children were living in a rent house paying about $550.00 per month plus $200.00 per month utilities cost. At the time of trial the husband was 35 years of age and his wife was 34 years of age. Both were in good health and college graduates.

▮ Among other factors to be considered by the trial court in its division of the community estate was the disparity in earning power of the parties, as well as their business opportunities, capacities and abilities. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ.) It is undisputed that the husband had a much greater earning capacity than the wife, and the fact that she had been out of the business world for a substantial period of time reasonably limited her business opportunities. Upon consideration of these and other circumstances reflected by the evidence, the trial court was authorized to award the wife a greater share in the community estate, provided that its award was not so disproportionate as to be inequitable. *Williams v. Williams*, 160 Tex. 99, 325 S.W.2d 682 (1959); *Bowling v. Bowling*, 373 S.W.2d 829 (Tex.Civ.App.—Houston 1963, no writ).

▮ The trial court was required to divide the property of the parties in a manner it deemed just and right, having due regard for the rights of each party and any children of the marriage. Section 3.63 Tex. Family Code Ann. (1975). It must be presumed that the trial court properly exercised its discretion in making such division and its judgment will not be disturbed unless a clear abuse of discretion is shown. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974). Considering all the circumstances surrounding the parties at the time of the divorce, it does not appear that such an abuse of discretion was established. The first point of error is overruled.

▮ In its decree, the trial court found that if the proceeds from the sale of the parties' residence are not reinvested in another house within the period of time provided by the income tax laws, a capital gains tax liability may occur. The trial court therefore decreed that the husband should assume and hold the wife harmless with respect to 60% of such tax liability. In his second point of error the husband contends that the trial court abused its discretion in requiring that he assume and hold the wife harmless against such income tax liability.

The trial court properly considered the income tax liability of the parties in dividing their community estate. *McCartney v. McCartney*, 548 S.W.2d 435 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). The entire amount of the capital gains realized on the sale of the parties' residence was recognized at the time of the sale. Section 1001 Internal Revenue Code. The fact that the appellant's tax liability might be later reduced through a "rollover" of the recognized capital gain upon reinvestment of the sales proceeds in another residence did not render the parties' potential tax liability incapable of determination. The second point of error is denied.

▮ The trial court's decree awarded $300.00 per month as child support for each of the two children and also ordered that the husband pay any medical, doctor, drug,

and dental bills not covered by his insurance coverage on the children. In his third point of error the husband contends that this additional child support requirement is indeterminate and vague and that the trial court abused its discretion because the obligation was not a "periodic or lump-sum payment" allowed by the Texas Family Code, Section 14.05(a) (1975).

It has been held that an order to pay future medical expenses which fails to either specify such expenses or prescribe any procedure for determining the amount thereof is unenforceable by contempt and confinement in jail. *Ex parte Shelton*, 582 S.W.2d 637 (Tex.Civ.App.—Dallas 1979, no writ). However, as pointed out by Chief Justice Guittard in *Shelton*, this does not mean that an obligation to pay future medical expenses could not be enforced as a matter of contract or as a debt under Section 14.09(c) of the Texas Family Code.

The trial court was justified in requiring that the childrens' parents provide a standard of living commensurate with that which they had had and would continue to enjoy for themselves. The obligation imposed upon the husband to pay any reasonable medical, doctor, drug and dental bills incurred on behalf of the children, less such amounts as were obtained through his insurance coverage on the children, provides a sufficiently definite standard to establish a basis for enforcement in an action on the judgment.

The judgment of the trial court will be modified so as to provide that the appellant pay as additional support for the children one half of any *reasonable* medical, doctor, drug and dental bills not covered by his insurance coverage on the children, within the time and manner specified in the trial court's judgment, subject to deduction of such amounts as may be paid by his health insurance coverage on the children; and in all other respects, the judgment of the trial court is affirmed.