Drew N. BAGOT, Appellant,

v.

Diane Seay BAGOT, Appellee.

No. 8770.

Court of Civil Appeals of Texas, Texarkana.

June 11, 1980.

Franklin H. Perry, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Charles H. Robertson, Robertson & Wilkinson, Dallas, for appellee.

CORNELIUS, Chief Justice.

Appellant seeks reversal of a judgment of the 302nd District Court of Dallas County which modified appellant's and appellee's divorce judgment by increasing the child support payments from $300.00 per month to $400.00 per month and ordering appellant to pay all medical expenses incurred in behalf of their minor child. The divorce judgment was rendered on May 20, 1977, and it ordered appellant to pay child support payments of $250.00 per month, together with certain health insurance premiums until December 1, 1977, when the support payments would automatically be increased to $300.00 per month. Appellee filed her motion to modify the decree in August of 1978 alleging a material change of circumstances. The trial judge found that such a material change of circumstances had occurred since the rendition of the decree and modified the order as heretofore indicated.

In his first attack upon the judgment, appellant argues that the trial court should have confined any consideration of a change of circumstances to the period subsequent to the December 1, 1977, automatic increase in the support payments. The rationale of this argument is that the divorce decree contemplated a change of conditions between the date of its rendition and December 1, 1977, due to an anticipated increase in appellant's earnings, and compensated for that change by providing for the automatic increase. We do not agree that the trial judge must have found that a change of circumstances occurred subsequent to the automatic increase. Tex.Family Code Ann. § 14.08 provides that the court may modify the support provisions if the circumstances of the child or of a person affected by the order have materially and substantially changed since the entry of the

decree.[1] It is true that the decree here took into consideration a future increase in appellant's earnings, and to the extent that the built-in increase of the support to $300.00 was based on that fact, it would be res adjudicata of the justification for increased support due to that particular change of conditions. See Smith, *Parent and Child, Texas Family Code Symposium*, 5 Tex.Tech.L.Rev. 389, 433 (1974). But there could have been other changes of circumstances not contemplated by or provided for in the original decree, and the court is not limited to a consideration of changes subsequent to the built-in increase in determining whether or not modification is justified. Compare *Bradshaw v. Billups*, 587 S.W.2d 61 (Tex.Civ.App. Eastland 1979, no writit).

■ Appellant also contends that the trial court's finding of a change of conditions is not supported by sufficient evidence and is based upon erroneous subfindings. Findings of fact were included in the court's order as recitals and they found, among other things, that at the time of the divorce decree the necessary expenses required for the child were $150.33 per month, and that appellant had a net surplus income of $880.00 per month after paying all of his recurring monthly obligations. Appellant argues that the undisputed evidence showed the child's necessary expenses at that time to have been $321.49 per month and the appellant's "surplus" to be only $495.00 or even less, and that the trial court would not have found a material change of conditions and modified the order accordingly except for its reliance upon those erroneous subfindings. We cannot make such an assumption. Regardless of the exact amounts of the necessary expenses and appellant's sur-

plus income in May of 1977, the record reveals that by the time of the modification hearing there had been a substantial increase in the child's expenses, the appellant's income had increased, and appellee's income had not changed materially. These facts, together with the erosion of purchasing power caused by inflation which the court could judicially know,[2] are sufficient to justify the increase of support payments from $300.00 per month to $400.00 per month. The trial court's order in a proceeding such as this will not be overturned except upon a clear showing of an abuse of discretion. *Hewlett v. Hewlett*, 486 S.W.2d 107 (Tex.Civ.App. Waco 1972, dism'd, mand. overr.), *cert. denied*, 414 U.S. 877, 94 S.Ct. 48, 38 L.Ed.2d 122 (1973). Assuming that the recitals of the evidence were erroneous in the two respects cited, that would not authorize a reversal of the judgment if the court's action was justified by the evidence as a whole. *Dowdle v. United States Fidelity & Guaranty Co.*, 255 S.W. 388 (Tex.Com. App.1923, jdgmt. adopted); *Roberson Farm Equipment Company v. Hill*, 514 S.W.2d 796 (Tex.Civ.App. Texarkana 1973, writ ref'd n. r. e.).

■ Finally appellant urges that the modification order is fatally imprecise in its provision requiring appellant to pay the medical expenses of the minor child. The provision in question provides that appellant shall:

"1) pay directly to the provider within 30 days of receipt of statement, all expenses incurred for the child's medical care, including hospital expenses, doctors' bills, expenses for dental and orthodontia care, expenses for drugs and equipment required for medical treatment, and

1. Some cases have held that a change of circumstances is not necessary for the court to have the power to modify support provisions. See *In Interest Of J. M. & G. M.*, 585 S.W.2d 855 (Tex.Civ.App. San Antonio 1979, no writ); *Myrick v. Myrick*, 478 S.W.2d 859 (Tex.Civ. App. Houston–1st Dist. 1972, writ dism'd). But those cases were based upon Tex.Rev.Civ. Stat.Ann. art. 4639a which provided that the court ordering support payments would have the power to ". . . alter or change such

judgments, . . . as the facts and circumstances and justice may require, . . .". Article 4639a was repealed when the Family Code was adopted, and modification of a support order is now allowed only by § 14.08, Tex.Family Code Ann., which requires a finding of materially changed circumstances.

2. *White v. White*, 503 S.W.2d 401 (Tex.Civ. App. Amarillo 1973, no writ).

"2) reimburse Movant, within 30 days of receipt of a statement from Movant, for any such services or goods, as set forth in paragraph 1 above, for which Movant is required to make direct payment to the provider."

It is argued that the provision is defective because it is unlimited, it is indefinite, and it is subject to abuse by the managing conservator, who conceivably could incur expenses for items or services not actually necessary but still technically coming within the general term "medical expenses." We do not believe those potentials for abuse render the order invalid. If abuses occur, appellant will have a remedy in any attempt which may be made to enforce the obligation by judgment, and can seek clarification of the order as circumstances may require. See: *Ex Parte Shelton*, 582 S.W.2d 637 (Tex.Civ.App. Dallas 1979, no writ); *Ex Parte McKinley*, 578 S.W.2d 437 (Tex.Civ.App. Houston–1st Dist. 1979, no writ); *Bush v. Bush*, 265 S.W.2d 676 (Tex. Civ.App. El Paso 1954, writ dism'd). And while the order may not be definite enough to authorize a contempt conviction for non-compliance in a disputed area, that does not require a reversal of the judgment in the context of this appeal. *Ex Parte Shelton,* supra.

The judgment is affirmed.