Frank L. (Jack) MAPLES, Jr., Independent Executor of the Estate of Frank L. Maples, Sr., Deceased, Appellant,

v.

Necil NIMITZ, Administratrix of the Estate of Ruth Cochran Maples, Deceased, Appellee.

No. 8505.

Court of Civil Appeals of Texas, Beaumont.

Oct. 23, 1980.

Rehearing Denied Dec. 12, 1980.

Martin W. Dies, Orange, for appellant.

Louis Dugas, Jr., Orange, for appellee.

CLAYTON, Justice.

Appellee, Necil Nimitz, administratrix of the Estate of Ruth Cochran Maples, deceased, filed this proceeding against appellant, Frank L. (Jack) Maples, Jr., independent executor of the Estate of Frank L. Maples, Sr., deceased, seeking to recover certain property which appellee claims to belong to the estate of Ruth Maples.

The matters in dispute are the status of certain realty and personalty as being community property of Ruth Maples and Frank L. Maples. Trial was to a jury, and, based upon the verdict, judgment was entered decreeing that all of such property was the community property of Ruth and Frank L. Maples and awarded appellee one-half of such property, from which judgment this appeal has been perfected.

It is undisputed that Frank L. Maples acquired the realty in dispute prior to his marriage to Ruth Cochran. A ten acre tract known as "Maples Trailer Park" was acquired by him in 1926. The remaining realty, originally an eight acre tract, was acquired by him in 1948. Frank L. Maples and Ruth Cochran were married in 1951. Ruth died in 1977, and Frank died in 1978. It is unquestioned that the real property, at the time of its acquisition, constituted the separate property of Frank L. Maples.

Appellant testified, without objection, that his father, Frank L. Maples, gave this land (all the realty involved herein) to him, Frank L. (Jack) Maples, Jr., "by a deed"; that it was a gift and that he did "not pay" any "money for this property"; that such gift to him was made because of "threats and/or ill health on [his] father's part"; that such threats have been made "by the Nimitzs"; this deed to the property was executed by his father in 1955. He testified further that, after this property was placed in his name, his father borrowed money from a bank and that, on such occasion, he, appellant, received deed of trust instruments, securing the payment of certain notes. Appellant would sign all papers forwarded to him, send them back to the bank, and his father received the money. Appellant says he never received any of the mon-

ey and never borrowed any of the money from the bank. He testified further that when his father discovered he no longer had a "heart condition" he wanted the property back in his name; whereupon appellant executed a general warranty deed, conveying the property back to his father. Appellant's testimony was not denied or controverted in any manner.

Appellant complains, by his first seven points, of the submission of Special Issue No. 1 which is as follows:

"Do you find from a preponderance of the evidence that the land conveyed in a deed to Frank L. Maples, Sr., from Frank L. (Jack) Maples, Jr., on the 19th day of April, 1972, is the community property of Frank L. Maples, Sr., and Ruth Cochran Maples?"

The jury answered the issue in the affirmative. All other issues submitted to the jury were conditioned upon a negative answer to such issue; consequently, the remaining issues were not answered.

Appellant objected to this issue on the grounds "that it calls for a legal conclusion and does not ask a fact question which is disputed under the evidence...." Appellant then requested the trial court to submit issues inquiring of the jury if "Frank Maples, Sr., acquired the ten acre tract ... prior to his marriage to Ruth Cochran Maples," and, conditioned upon a negative answer to such issue, an issue inquiring if "Frank Maples, Sr., acquired the property after his marriage to Ruth Cochran Maples by gift from his son ...?" The same issues were requested as to the eight acre tract. These issues were denied by the trial court.

■ Although we recognize that issues which require a jury to pass on the legal effect of a written instrument are generally improper, *Trinity Universal Insurance Company v. Ponsford Brothers*, 423 S.W.2d 571 .(Tex.1968), *Skelly Oil Company v. Archer*, 163 Tex. 336, 356 S.W.2d 774 (1962), this impropriety may be cured by an adequate explanatory instruction or definition. *Republic Insurance Company v. Bolton*, 564 S.W.2d 440 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.); *Rodman Supply Co. v.*

*Parker*, 363 S.W.2d 838, 842 (Tex.Civ.App.— El Paso 1962, writ ref'd n. r. e.).

■ In the case at bar, the term "community property" is defined by the trial court as meaning "property acquired during marriage other than by gift...." The jury was thus directed and restricted to considering the facts of the case as they related to the element of "gift." Such an instruction cured any impropriety in the issue submitted. *Republic Insurance Company v. Bolton*, supra. Such a submission with accompanying instructions is permitted by the terms of *Tex.R.Civ.P. 277.* These points are overruled.

By points 8, 9 and 10, appellant complains of the failure to grant an instructed verdict and challenges the legal and factual sufficiency of the evidence that the land was community property.

■ The property in dispute was shown to have been conveyed to Frank Maples, Sr., by appellant during the marriage of Frank Maples, Sr., and Ruth Cochran Maples. The property was in the name of and possessed by Maples, Sr., at the time of the dissolution of his marriage (the death of his wife), and, therefore, there is a presumption that the property is community. The Family Code [*Tex.Fam.Code Ann. § 5.02* (1975)]; *McGee v. McGee*, 537 S.W.2d 94 (Tex.Civ.App.—Amarillo 1976, no writ); *Harrington v. Harrington*, 451 S.W.2d 797 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). Appellant attempted to rebut this presumption by his testimony that the property was conveyed to him as a gift, and he gave it back to his father. Appellant was an interested witness, and his testimony did no more than raise a fact issue for the jury. *Anchor Casualty Company v. Bowers*, 393 S.W.2d 168 (Tex.1965); *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978). The jury decided the issue adversely to him. The evidence is legally and factually sufficient to support the findings of the jury. These points are overruled.

By his eleventh point, appellant complains of the trial court's failure to hold, as a matter of law, that "funds on deposit at

First Savings Association of Orange constituted separate property...."

Subsequent to the conveyance of the realty involved herein, Frank Maples, Sr., sold portions of the eight acre tract and deposited the proceeds into certain savings accounts in the First Savings Association of Orange, Texas. The proceeds, pursuant to the jury's finding to Special Issue No. 1, were community property. Appellant argues that the account cards and account contracts between Frank Maples, Sr., and Ruth Cochran Maples used in creating the savings account on deposit constituted a joint tenancy with right of survivorship and that, upon the death of Ruth, such sums on deposit became the separate property of Frank Maples, Sr. We do not agree.

The agreement relied upon by appellant begins with the account number naming "Mr. or Mrs. Frank Maples" followed by:

"As joint tenants with right of survivorship ... the undersigned hereby apply for a savings account in First Savings Association of Orange and for the issuance of evidence thereof in their joint names described as aforesaid...."

The sums on deposit in each account were the community property, according to the jury's findings, of Frank Maples and his wife, Ruth.

In *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961), our Supreme Court held that a survivorship agreement by the husband and wife, accompanying a stock certificate purchase with community funds as joint tenants, was not effective as a partition of community property into separate property where it did not comply with the requirements of *Tex.Rev.Civ.Stat.Ann. art. 4624a* (1976). Again, in *Williams v. McKnight*, 402 S.W.2d 505, 507 (Tex.1966), the Supreme Court held that a husband and wife cannot effectuate a joint tenancy with right of survivorship out of community funds in a savings account without having complied with the statutory partition requirements of *art. 4624a.* The Court specifically holds, "when the property is initially community, it must be rendered separate by statutory partition before survivorship rights arise from a joint tenancy agreement between husband and wife."

*Art. 4624a* has been repealed and has been replaced with *Sec. 5.42* of the Family Code. However, such repeal of *art. 4624a* and enactment of *Sec. 5.42* of the Family Code does not change the rule stated in *Hilley v. Hilley*, supra, and *Williams v. McKnight*, supra. *Sec. 5.42*, Family Code, provides that "spouses may partition between themselves ... all or any part of their community property.... A partition or exchange must be in writing and subscribed by both parties...." The detailed requirements of the agreement and manner of partition between husband and wife of their community property as set forth in repealed *art. 4624a* are not the same as *Sec. 5.42*, Family Code; nevertheless the requirement of a written partition between the parties is mandatory. This court, in *Bowman v. Simpson*, 546 S.W.2d 99 (Tex. Civ.App.—Beaumont 1977, writ ref'd), held that a two-step procedure is necessary in partitioning community property. First, the partition must be effected in accordance with the provisions of *Tex.Fam.Code Ann. § 5.42* (1975); then after such partition has been effected, the joint tenancy agreement with right of survivorship may be entered into. There is nothing in this record to show the first step was ever taken in this case. It appears that such step was not taken. The agreement between the husband and wife begins with the statement, "as joint tenants with right of survivorship ... the undersigned apply for a savings account...." This agreement between the husband and wife clearly shows that the agreement, if any, to partition their community property was entered into before this agreement was made, and there is no showing that such agreement, if any, complied with the provisions of *Sec. 4.52*, Family Code. This agreement (signature cards and application for savings account) did not effect a partition while simultaneously creating a right of survivorship. *Williams v. McKnight*, supra. *Bowman v. Simpson*, supra. This point is overruled. Point of error No. 12 is overruled for the same reasons.

Appellant next complains of the "trial court's order over-ruling [his] special

exception and plea in abatement to the jurisdiction of the court because of a prior cause filed in the 128th District Court ... involving the issue of title to the real property...." Appellant had instituted a prior suit, in Cause No. A–23,092, in the District Court of Orange County wherein this real property was involved; he sought to restrain appellee from interfering with appellant's right to possession of such property. Appellant's pleading in the case at bar did not contain a plea in abatement, but did contain a special exception; whereby, appellant "excepts to the jurisdiction of the court on the grounds that there are two previous causes of record with regard to this matter ... and that this cause should be consolidated in the prior cause of action." The only relief sought by this exception was to consolidate the case with a prior case. The argument presented by appellant is that this trial court has no jurisdiction in this cause, which was filed in the County Court at Law of Orange County, Texas, sitting in Matters of Probate. This question has been decided adversely to appellant in *English v. Cobb*, 593 S.W.2d 674 (Tex. 1979). The pendency of a companion suit involving the same issues and subject matter does not preclude a trial on the merits in another case in the absence of an order granted after the filing of a plea in abatement, and in the absence of a plea in abatement, such objection is waived. *Stoner v. Thompson*, 570 S.W.2d 511 (Tex.Civ.App.—Waco 1978, aff'd in part, reformed in part, 578 S.W.2d 679); *Day v. State*, 489 S.W.2d 368 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.). This point is overruled.

■ Appellant next complains, by points 14 and 15, of error in permitting appellee to cross-examine his own witness in that he failed to invoke the adverse witness rule when calling Frank L. (Jack) Maples, Jr., as a witness, and because of such failure appellee was bound by the witness's testimony. The statement of facts, presented to and approved by appellant's counsel, states, "Jack Maples, called as an adverse party witness by the plaintiff [appellee]...." This point is overruled.

■ Appellant's 17th point of error is a "no evidence" point as to the community property status of certain funds in the Mercantile National Bank of Houston. Appellee has not replied to this point. The trial court awarded appellee one-half of the funds on deposit in Mercantile Bank, Houston, Texas. Appellant testified that he maintained a checking account in the Mercantile National Bank of Houston. He testified his father gave him approximately $12,000 in 1978, during the time his father was living with appellant and his wife. This was at a time subsequent to Ruth Cochran Maples' death. There is no evidence as to how or when the funds were acquired by Frank Maples, Sr. There is no testimony in this record upon which the status of community or separate property could be determined. This point is sustained.

We affirm the judgment of the trial court in all things except as to that portion thereof which decrees appellee "Half of monies on deposit at Mercantile Bank, Houston, Texas, Account No. 024–019," and that such judgment shall be reformed so as to delete any recovery of any part of such account in the Mercantile Bank, Houston, Texas.

Judgment REFORMED and as reformed is AFFIRMED.