**Michael Louis MINNS and Mimi Minns, Appellant,**

v.

**Lou Ann Shelby MINNS, Appellee.**

No. 17826.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 2, 1981.

Rehearing Denied May 7, 1981.

Mark A. Salvato, Salvato & Burgert, Houston, for appellant.

John F. Nichols, Houston, for appellee.

Before COLEMAN, C.J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This appeal arises out of a suit for divorce and involves only that portion of the judgment which adjudicates medical expenses for the children, and the attorney's fees for the attorney ad litem. The judgment will be affirmed in part and in part reversed and remanded.

Michael Louis Minns filed suit for divorce and to be named managing conservator of the two minor children of the marriage. Lou Ann Shelby Minns answered and filed a cross-action for divorce in which she

sought to be named managing conservator of the minor children. Subsequently Edward W. and Becky Lou Shelby, maternal grandparents of the children, filed a petition in intervention seeking to be named possessory conservators of the children and asking that they be appointed managing conservators of the minor children in the event the mother of the minor children was not appointed managing conservator. Thereafter the paternal grandmother of the children, Mimi Minns, intervened in the suit asking that she be named as possessory conservator with the right to visitation in the event the Shelby grandparents should be named managing conservators of the children, pointing out that the Shelbys are residents of the State of Oklahoma.

Questions with regard to the appointment of the managing conservator were submitted to the jury. It returned a verdict that in the best interest of the children, the appellee, Lou Ann Shelby Minns, should be appointed managing conservator. All other issues were submitted to the court by the parties.

In the subsequent divorce decree Lou Ann Shelby Minns was appointed managing conservator of the minor children. Michael Louis Minns was appointed possessory conservator of the children and given visitation rights on the first, third and fifth Fridays of each month from six o'clock p. m. on said Fridays until the following Sunday at six o'clock p. m. In addition he was given visitation rights during the Thanksgiving and Christmas holidays and during the childrens' school spring vacation. Finally, he was given a visitation period of thirty days during the months of June, July or August of each year.

Mimi Minns, the paternal grandmother, was appointed a possessory conservator with the right of possession of and access to the children at all reasonable times agreeable to the managing conservator, at all reasonable times agreeable to Michael Louis Minns when he has visitation with the children, and "at least one week-end from six o'clock p. m. Friday to six o'clock p. m. Sunday during each twenty-one day visitation period of Michael Louis Minns during the months of June, July or August in the event the children are residing more than 150 miles from Richmond, Texas." Ed and Becky Shelby, the maternal grandparents of the children were also appointed possessory conservators.

The decree listed the rights, privileges, duties and powers of the managing conservator and of the possessory conservators. Among the rights given to the managing conservator was the power to consent to medical, psychiatric and surgical treatment. Michael Louis Minns as possessory conservator, was granted "the power to consent to medical and surgical treatment only during an emergency involving an immediate danger to the health and safety of the children."

The decree had specific provisions requiring Michael Louis Minns to carry certain medical and hospitalization insurance. It then provided that he should pay within twenty days of presentment to him 65% of the total of all medical expenses or charges incurred by said children not covered by the medical and hospitalization insurance. The managing conservator was required to pay the remaining medical expenses of the children. There was a specific provision that the managing conservator should determine the necessity of treatment and the level of services. It provided that Michael Louis Minns would not be permitted to question the necessity of treatment or the reasonableness of the expenses incurred for treatment unless rendered by one not a member of a recognized medical society.

■ Michael Louis Minns asserts that the trial court erred in ordering that he may not question the necessity or the reasonableness of medical expenses incurred by the managing conservator for the benefit of the children born of the marriage for the reason that said order is "a violation of due process of law in controvention of Article I,

§ 19 of the Constitution of the State of Texas." This Article provides, in part, that no citizen of this State shall be deprived of his property except by the due course of the law of the land. In support of his position that the order denies him the right to defend himself against charges for unnecessary medical treatment and unreasonable charges for necessary medical treatment, Mr. Minns cites the case of *Masonic Grand Chapter of Order of Eastern Star v. Sweatt*, 329 S.W.2d 334 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.), wherein the court stated:

> It is a fundamental principle of justice that no man may be condemned or prejudiced in his rights without an opportunity to make his defense.
>
> . . . .
>
> The term due process of law is synonymous with the law of the land, and its essential elements are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case.

This court could not disagree with such a well settled principle of law. However, the question here is whether or not the opportunity afforded Mr. Minns in the divorce case to be heard on the question of the liability for these payments afforded him "due course of the law of the land." The matter was specifically litigated and the trial court determined that the managing conservator was the proper person to determine when the children should be given medical treatment, by whom it would be given, and whether the fees required were reasonable. Apparently the trial court felt that Mr. Minns' interests would be sufficiently protected in the matter by the insurance company where the treatment was covered by insurance and by the fact that Mrs. Minns was required to pay 35% of all medical expense which was not covered by insurance. It may be surmised that the specificity of this decree was suggested to the court by the opinion in *Ex Parte Shelton*, 582 S.W.2d 637 (Tex.Civ.App.—Dallas 1979, no writ). There the court considered a decree requiring a party to pay future medical expenses for children, but without specifying them or prescribing any procedure for determining the amount. The court held that the order lacked the certainty required for enforcement by contempt.

This court has upheld an order requiring a party to a divorce action to pay as additional support for his children one-half of any "reasonable" medical, doctor, drug and dentist bills not covered by his insurance coverage on the children within the time and manner specified in the trial court's judgment. *Robbins v. Robbins*, 601 S.W.2d 90 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

Appellant necessarily is contending that the order requiring him to pay medical bills incurred for the treatment of his children without permitting him to contest the reasonableness of the charge or the necessity for the treatment is null and void as a matter of law. We are not prepared to hold that there are no circumstances which would justify the trial court in entering such an order. In the absence of a statement of facts we cannot determine whether or not a sufficient justification for the order is present in this case.

■ Mimi Minns complains that the court erred in failing to award her specific visitation rights not dependent on the consent of a parent. The trial court allowed the father generous visitation privileges. There is nothing in the record to suggest that Mrs. Minns and her son are antagonistic, or, for any reason, unable to share visitation periods. We note that Mrs. Minns requested visitation rights only in the event that custody of the children was awarded to the maternal grandparents. The point does not present reversible error.

On his own motion the trial court appointed an attorney ad litem to represent the interests of the minor children in this matter. The attorney filed pleadings on behalf of the children including a prayer for

costs and general relief. In the final judgment the attorney ad litem was awarded a fee of $6,000.00. There is no complaint as to the amount of the fee, but appellants assert that the trial court erred in awarding the attorney's fee in the absence of specific pleading and in assessing the attorney's fee against Mimi Minns and Michael Louis Minns jointly and severally.

The trial court is authorized by § 11.10(a) of the Texas Family Code (Vernon 1980) to appoint a guardian ad litem for the children involved in a suit for divorce.

In paragraph (c) of § 11.10, supra, the court is authorized to appoint an attorney for any party in a case in which it deems representation necessary to protect the interests of the child who is the subject matter of the suit. Paragraph (e) of § 11.10, supra, states that an attorney appointed "to represent a child as authorized by this section" is entitled to a reasonable fee in the amount set by the court, "which is to be paid by the parents of the child" unless the parents are indigent. The trial judge appointed a qualified attorney to be both guardian ad litem and attorney ad litem. He allowed an attorney's fee as compensation for the services rendered in both capacities.

Section 11.10 of the Texas Family Code prescribes specific conditions under which guardians ad litem and attorneys ad litem may be appointed to represent minor children in suits affecting the parent-child relationship. This section provides the exclusive procedure to be followed in such cases, and the court must observe the provisions of paragraph (e) in awarding the attorney's fee. There is no requirement in paragraph (e) that the trial judge award judgment against each of the parents in equal amounts. In such a case equity requires that the trial judge be vested with discretion in determining the amount to be awarded against each parent.

Under the circumstances of this case the trial court was not required by the statute to appoint a guardian ad litem or an attor-ney ad litem. *Swearingen v. Swearingen*, 578 S.W.2d 829, (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd). From a consideration of the section as a whole it appears that the legislature intended that the interests of the child should be protected by the appointment of a guardian ad litem only in those instances where it appeared that their interests would not be adequately protected by the parents. In that case the costs incurred would be paid by the parents. The judgment entered recited that the attorney's fees awarded to Stephen Doggett be taxed as cost of court and further recited that the fee was fair and reasonable and necessary in the prosecution and defense of the parent-child relationship action involving the parties.

Rule 127, T.R.C.P., provides that each party to a suit shall be liable for all costs incurred by him. If the costs cannot by collected from the party against whom they have been adjudged, "execution may issue against any party in such suit for the amount of costs incurred by such party, but no more."

■ The fee allowed an attorney ad litem or a guardian ad litem appointed to protect the interests of a minor defendant is considered to be costs incurred by the plaintiff. *Members Mutual Insurance Company v. Randolph*, 477 S.W.2d 315 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref. n.r.e.). While in this case the children were not defendants, the same principle is applicable, that is, the party or parties whose conduct made the appointment necessary shall pay the fee. No part of the fee should be taxed against the other parties to the suit unless facts or circumstances are shown by the record from which it clearly appears that he or they should, in fairness, be required to pay part or all of the fee. *Bruni v. Vidaurri*, 140 Tex. 138, 166 S.W.2d 81 (1942).

■ Mimi Minns intervened in this suit some nine months after the attorney ad litem had been appointed. She was not denied the relief she sought in her petition

898

in intervention. In fact she was granted some visitation rights and was named a possessory conservator.

Rule 131, T.R.C.P., provides that the successful party to a suit shall recover of his "adversary" all costs included therein, except where otherwise provided. This rule does not authorize the taxing of the attorney's fee against Mimi Minns, who does not occupy the position of an "adversary."

Taxing the attorney fee against Mimi Minns "and Michael Louis Minns jointly and severally" constituted error. Mimi Minns obtained some relief by the judgment. The necessity for the appointment of the attorney ad litem was not a result of her conduct or her appearance in the case. It is inequitable to require her to be responsible for the entire fee. *Gasperson v. Madill National Bank*, 455 S.W.2d 381, 399 (Tex.Civ.App. —Fort Worth 1970, writ ref'd n.r.e.).

This issue will be severed from the case and remanded to the trial court which is directed to re-tax the costs, including the fee allowed the attorney ad litem. In all other respects the judgment is affirmed.