Charles L. CARPENTER, Jr., Appellant,

v.

Linda Jane Carpenter WHITE, Appellee.

No. B2633.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1981.

John W. Donovan, Houston, for appellant.

Reid C. Wilson, Saccomanno, Clegg, Martin & Kipple, Houston, for appellee.

Before SAM ROBERTSON, PAUL PRESSLER and MURPHY, JJ.

SAM ROBERTSON, Justice.

Appellant appeals from a court order modifying his child support obligation under a 1975 divorce decree. We affirm.

In the original divorce decree, appellee was named managing conservator of the parties' two children. Appellant was named possessory conservator and was ordered to pay $325.00 per month per child until each child reached the age of eighteen years. On December 3, 1979, appellant filed a motion to modify the divorce decree alleging that circumstances of the children or a person affected by the decree had materially and substantially changed since the entry of the original decree and requested that the support payments be decreased and that provisions providing for payment of medical bills in excess of insurance coverage be terminated. Additionally, appellant requested modification of his specified visitation times. Appellee also filed a motion to modify asking that the amount of support be increased.

Following trial to the court in May, 1980, judgment was rendered increasing appellant's child support payments to $475.00 per month per child, reapportioning responsibility for medical bills between the parties, and modifying visitation.

Appellant here limits his appeal to the increase in child support from $325.00 to $475.00, contending that there was no evidence or insufficient evidence to support such an increase and that such an increase is against the great weight and preponderance of the evidence.

■ Under Tex.Fam.Code Ann. § 14.-08(c)(2) (Vernon Supp.1980–1981), an order or decree providing for support of a child may be modified "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree . . . ." The trial court is given broad discretion in setting and modifying child support payments and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Grandinetti v. Grandinetti*, 600 S.W.2d 371 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). On appeal, appellant must demonstrate such an abuse of discretion and the appellate court "will indulge in all reasonable inferences from the evidence sufficient to support the actions of the trial court." *Watkins v. Austin*, 590 S.W.2d 830 (Tex.Civ.App.—Dallas 1979, no writ).

■ We hold that the order is supported by sufficient evidence and is not against the great weight and preponderance of the evidence. The record before us reflects that the rate of inflation averaged twelve percent (12%) between 1975 and 1979. During those same years, appellant's income has increased from approximately $34,000.00 to approximately $60,000.00. He holds a position of authority in the company for which he now works and receives additional benefits such as insurance, a car, and participation in a bonus plan. The record shows that despite temporary financial setbacks resulting from a job change in 1976, appellant's circumstances have changed materially and substantially since the divorce in 1975.

During these same years, his two children from his marriage to appellee have grown older and the record evidences their changing needs. At the time of the divorce, the children were age two and seven. They were seven and twelve at the time of trial. While increased age alone will not support a modification of support, this record shows that both children are now in school and participate in activities customary to their older ages such as summer camps, gymnastics, and swimming, tennis, and piano lessons.

Appellant's changed financial circumstances and the children's changing needs, when coupled with the inflation rate, are sufficient evidence to support the trial court's exercise of its discretion in increasing child support from $325.00 to $475.00 per month per child.

The judgment is affirmed.