**Scott Douglas BACON, Appellant,**

v.

**Karen Lynn (Bacon) KOURI, Appellee.**

**No. C14–84–593–CV.**

Court of Appeals of Texas,
Houston (14th Dist.)

May 30, 1985.

J. Richard Tubb, Maxwell, Godwin & Carlton, Dallas, for appellant.

Patrick J. Dyer, Jacalyn D. Scott, Bonham, Carrington & Fox, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Scott Douglas Bacon appeals an order of the district court modifying a prior Decree of Divorce and Agreement Incident to Divorce. He presents six points of error, and Karen Lynn (Bacon) Kouri presents two cross-points. We modify the trial court's order; and, as modified we affirm.

The appellant (Mr. Bacon) and the appellee (Ms. Kouri) were married on November 22, 1976. At the time of the marriage, Ms. Kouri had two children from a previous marriage, J.A.B. and K.G.B. These children were ages seven and five, respectively, when their mother married Mr. Bacon. Mr. Bacon ultimately adopted these children. Subsequently, Ms. Kouri filed for divorce, and the decree of divorce was signed August 6, 1982. Ms. Kouri married her present husband several days later.

At the time of the divorce, the parties entered into an Agreement Incident to Divorce that was approved by the district court and incorporated into the Decree of Divorce. The divorce decree appointed Ms. Kouri as managing conservator of the minor children and Mr. Bacon as possessory conservator. In addition, Mr. Bacon was ordered to pay child support in the amount of $475 per month until J.A.B. reaches the age of 18 years. Thereafter, he was ordered to pay child support in the amount of $250 per month until K.G.B. reaches 18 years of age. Further, the court ordered Mr. Bacon and Ms. Kouri to maintain medical and dental insurance covering the children in amounts and on such conditions as were contained in the policies held through each spouse's employer. Each spouse was to pay one-half of medical and dental expenses not covered by insurance.

Both minor children have been under psychiatric care for a number of years. This care began while Mr. Bacon and Ms. Kouri were married. K.G.B. has been diagnosed as having a conduct disorder and an attention deficiency. As a result of this problem, K.G.B. has been hospitalized on several occasions and is currently receiving treatment from the Brown School in San Marcos, Texas. The Brown School is a total care center that provides treatment, housing and education to its patients. The current cost of K.G.B.'s treatment is $7,200 per month, plus a monthly education fee of $300 and a monthly expense fee of $500. K.G.B. rarely leaves the facility and is cared for completely by the facility when he is in residence.

In September of 1983, Ms. Kouri filed a Motion to Modify in a Suit Affecting Parent-Child Relationship and sought Enforcement of the original Decree of Divorce and Agreement Incident to Divorce. Claiming circumstances have materially and substantially changed, she sought an increase in child support payments and modification of support payments for K.G.B. to continue after the child's eighteenth birthday for an indefinite period. Further, she sought enforcement of provisions of the Decree of Divorce with regard to health insurance, tax liability and reasonable attorney's fees incurred in asserting these matters.

The order entered by the district court in response to Ms. Kouri's motion to modify reflected the following responsibilities to be borne by the parties. The court found that there had been a material and substantial change of circumstances since the entry of the Decree of Divorce. The court ordered Mr. Bacon to pay child support in the amount of $700 per month until the youngest child reaches the age of eighteen. Also, the court ordered Mr. Bacon to maintain primary medical, psychological, psychiatric and dental insurance covering K.G.B. In addition, Mr. Bacon and Ms. Kouri were ordered to maintain medical, psychological, psychiatric and dental insurance covering the children as were contained in the policies held through each party's employer at the time of the divorce. Further, the court

found that such insurance coverage held by Mr. Bacon for K.G.B. was a one-million-dollar lifetime benefit, and in the event Mr. Bacon does not maintain such coverage, he "shall be personally responsible for payment of all amounts incurred including and up to one million dollars per child." The court also awarded Ms. Kouri $1700 as attorney's fees for the prosecution of this suit.

■ The record in this case includes a transcript and statement of facts but does not include findings of fact and conclusions of law. Under these circumstances, the court's judgment implies all necessary fact-findings in support of its judgment, and in our review, we must consider only that evidence that is most favorable to the issue and disregard that which is contrary thereto. *Carter v. William Sommerville and Son*, 584 S.W.2d 274, 276 (Tex.1979); *Hearn v. Hearn*, 449 S.W.2d 141, 142 (Tex. Civ.App.—Tyler 1969, no writ). Accordingly, each of Mr. Bacon's points of error will be considered in light of such rule.

In points of error number one and two, Mr. Bacon contends there is either no evidence or insufficient evidence to support the trial court's order. Further, he contends that this order constitutes an abuse of discretion by the trial court because the court ordered Mr. Bacon to be personally responsible for K.G.B.'s medical treatment up to an amount of one million dollars. This personal responsibility is conditioned upon his inability to maintain health insurance through his present employer.

The record contains uncontroverted evidence that Mr. Bacon's annual gross income is $63,000 and his take-home pay is about $3,200 per month. K.G.B.'s medical treatment costs approximately $8,000 per month, more than twice as much as Mr. Bacon's monthly take-home pay.

■ Mr. Bacon argues, and we agree, that in the event he were to lose his job or the medical insurance provided by his employer, it would be highly unlikely that he could obtain an insurance policy to provide medical coverage for a child (K.G.B.) with a

preexisting condition and enormous medical bills. Furthermore, no evidence exists to suggest that Mr. Bacon could conceivably pay the $8,000 per month needed for K.G. B.'s medical care. In determining the duty of Mr. Bacon to supply the necessaries to his children after divorce, it is to be borne in mind by the trial court that his duty corresponds to his financial ability, having due regard to all of his lawful obligations. *Hearn v. Hearn*, 449 S.W.2d 141, 143 (Tex. Civ.App.—Tyler 1969, no writ); *Kominczak v. Kominczak*, 474 S.W.2d 749, 750 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ).

Ordinarily, in the absence of findings of fact and conclusions of law, this court must assume that a trial court found facts sufficient to support its judgment. This rule, however, is predicated on the finding of some evidence of probative value to support the judgment. If sufficient evidence cannot be found within the record, the rule has no application. *Williams v. Williams*, 596 S.W.2d 245, 248 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). In the case at bar, we find insufficient evidence to support that portion of the trial court's order that pertains to Mr. Bacon's personal responsibility for the medical expenses of K.G.B. Also, in light of the evidence before us, we find the trial court abused its discretion. Therefore, we modify the trial court's order by *deleting* the italicized portion of the following sentence:

> The Court ORDERS Scott Douglas Bacon to maintain such insurance coverage at said amount *and in the event he does not, Scott Douglas Bacon shall be personally responsible for payment of all amounts incurred including and up to one million dollars per child.*

Points one and two are sustained.

Appellant contends in points three and four that the trial court erred as a matter of law in ordering Mr. Bacon to maintain primary insurance coverage on all aspects of K.G.B.'s health care. Appellant further contends that this order by the trial court constitutes an abuse of discretion. Mr. Bacon agreed in open court to maintain primary insurance coverage for all of K.G. B.'s psychiatric care and any medical or dental costs that are incurred while he is at the Brown School or any other treatment center. Mr. Bacon admitted that at the time of the divorce, his insurance company was the primary carrier on the children; it is well within the trial court's power (especially in light of the agreement) to order Mr. Bacon to continue his insurance coverage as the primary coverage with regard to K.G.B. *Robbins v. Robbins*, 601 S.W.2d 90, 93 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Bagot v. Bagot*, 602 S.W.2d 334, 337 (Tex.Civ.App. Texarkana 1980, no writ); TEX.FAM.CODE ANN. §§ 14.05, 14.08 & 14.09 (Vernon 1975 and Supp.1985). Finding sufficient evidence to support the trial court's order and finding no abuse of discretion, we overrule points three and four.

Presented by appellant in points five and six is his argument that the trial court erred in ordering him to continue child support at a fixed rate until the youngest child reaches the age of eighteen. He contends there is either no evidence or insufficient evidence to support this order or that this order constituted an abuse of discretion.

The order signed by the trial court specifically provides that Mr. Bacon shall pay to Ms. Kouri child support in the amount of $700 per month "until the youngest child reaches the age of eighteen." This order cannot be construed to require support payments beyond the eighteenth birthday of the youngest child. In view of the children's health problems and the need for continuing care, we find that the record supports an increase in child support payments. Additionally, we see no abuse of discretion in ordering support payments until the youngest child reaches eighteen. *Hopkins v. Hopkins*, 539 S.W.2d 242, 249 (Tex.Civ.App.—Fort Worth 1976, writ dism'd); TEX.FAM.CODE ANN. § 14.05

(Vernon 1975 and Supp.1985). Points number five and six are overruled.

 In appellee's first cross-point she claims the trial court abused its discretion in failing to award Ms. Kouri the total amount of attorney's fees she sought. The attorney for Ms. Kouri testified that the total amount of attorney's fees incurred as a result of prosecuting this action was $4,225. In open court the appellant's attorney stipulated to her qualifications, the hourly rate and the reasonableness of the fee. However, Texas Family Code § 11.-18(a) provides for the discretionary award of attorney's fees in suits affecting the parent-child relationship. Such awards of attorney's fees are within the sound discretion of the trial court and may not be overturned except for a showing of abuse of discretion. Because Ms. Kouri has failed to show any abuse of discretion, we overrule cross-point number one.

 In her second cross-point the appellee urges that the trial court abused its discretion in not awarding the full amount of child support increase requested. With respect to this cross-point, we must note that the trial court is given broad discretion in setting and modifying child support payments and, absent a clear abuse of discretion, its order will not be disturbed on appeal. *Carpenter v. White,* 624 S.W.2d 618, 619 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). In addition, it has been held that the spouse's ability to pay more child support than ordered is meaningless. The trial court's responsibility with respect to child support is to order an amount which the parent is capable of paying, commensurate with the standard of living that the family and the child have maintained and is expected to maintain after the divorce. *Vautrain v. Vautrain,* 646 S.W.2d 309, 313 (Tex.App.—Fort Worth 1983, writ dism'd). Finding no abuse of discretion, we overrule cross-point number two.

Accordingly, the judgment of the trial court is affirmed as modified.