**Michael Hal ANDERSON, Appellant,**

v.

**Kim ANDERSON, Appellee.**

No. 05–88–00422–CV.

Court of Appeals of Texas, Dallas.

April 28, 1989.

M.J. (Ike) Vanden Eykel, Shannon R. Foster, Dallas, for appellant.

Gregg A. Cooke, Larry L. Martin, Dallas, for appellee.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

WHITTINGTON, Justice.

Michael Hal Anderson appeals from the trial court's order in favor of Kim Anderson granting an increase in child support payments on behalf of their eight year old daughter. In twenty points of error, Mr. Anderson contends that the trial court erred in finding that: (1) the circumstances of the affected parties had materially and substantially changed: (2) the modification was in the best interest of the child; (3) Mr. Anderson's income had increased; and (4) Mrs. Anderson was entitled to attorney's fees. We disagree with all twenty points of error; accordingly, we affirm the trial court's judgment.

### GENERAL BACKGROUND

Michael and Kim Anderson divorced in 1985. The couple's daughter, E——— A———, was five years old at the time of divorce. The divorce decree designated Mrs. Anderson as managing conservator and ordered Mr. Anderson to pay $1,125 per month in child support. Additionally, the parties stipulated, *inter alia*, in an "Agreement Incident to Divorce" (AID) that if Mrs. Anderson chose to send the daughter to a private school, Mr. Anderson would pay the tuition. The AID also provided that Mr. Anderson would pay for the daughter's extracurricular activities such as dance classes and summer camp. Mr. Anderson also agreed to establish a trust fund to pay uninsured medical expenses—including mental health therapy—incurred by the daughter. Withdrawals from the trust fund required the signature of both Mr. and Mrs. Anderson.

Shortly after the divorce, problems arose in enforcing both the decree and the AID. During a three-month period, Mr. Anderson refused to pay his monthly support obligation, forcing Mrs. Anderson to file a motion for contempt. Mr. Anderson also stopped paying for the daughter's private school tuition. Consequently, Mrs. Anderson withdrew their daughter from the private school she was attending and enrolled her in a public school. Furthermore, Mr. Anderson refused to co-sign trust fund checks to pay the costs of their daughter's mental health therapy. Consequently, Mrs. Anderson was one and one-half years in arrears on her payments to the therapist.

Mr. Anderson sought modification through a suit affecting parent-child relationship. He requested that the court lower his monthly child support obligation. He argued that he was unable to pay the original amount ordered by the court because of the downturn in the real estate and oil and gas markets. Mrs. Anderson counterclaimed seeking to increase the amount of Mr. Anderson's obligation, citing increased expenses of both herself and daughter and a decrease in her earning capacity.

The trial court found in favor of Mrs. Anderson and ordered Mr. Anderson's child support payments increased from $1,125 to $2,000 per month. The trial court also reformed the AID so that Mr. Anderson was no longer required to pay for their daughter's private school tuition, and released Mr. Anderson from paying the expenses of their daughter's extracurricular activities. Lastly, the court modified the trust fund agreement so that Mrs. Anderson could pay the expenses for their daughter's mental health therapy without Mr. Anderson's co-signature.

The trial court filed numerous findings of fact and conclusions of law which indicate that a modification was warranted. In reviewing those findings this Court must consider sections 14.07 and 14.08 of the

Texas Family Code. Section 14.07 provides that the best interest of the child shall always be the primary consideration. Section 14.08 provides that a court may modify the support order if the circumstances of the child or of a person affected by the order have materially and substantially changed since its entry.

This Court will first look to the record and determine whether the circumstance of any of the Andersons have materially and substantially changed. If a detrimental change did occur on behalf of Mrs. Anderson or daughter, we will examine the evidence regarding Mr. Anderson's finances to determine if he is capable of paying an increased amount. *Bacon v. Kouri*, 696 S.W.2d 599, 603 (Tex.App.—Houston [14th Dist.] 1985, no writ). Next, we must address whether an increase in the award is in the child's best interest. In our review we recognize that the trial court has broad discretion in setting and modifying support payments and, absent a clear abuse of discretion, its order will not be disturbed on appeal. *Carpenter v. White*, 624 S.W.2d 618, 619 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

## EXPENSES OF DAUGHTER

■ The trial court concluded that the daughter's expenses had increased since the time of entry of the court's prior decree. In point of error four, Mr. Anderson asserts there was no evidence to support that finding.[1] The record reflects that the child's expenses did increase primarily due to the modification of the AID. At the time of divorce, Mr. Anderson agreed to make tuition payments directly to the school. However, the trial court has relieved him of that obligation. Accordingly, the daughter now encounters school related expenses that she did not have at the time the divorce decree was entered. Those expenses include $568 per month for private school tuition, $130 per month for tutoring, and $55 per month for school

---

1. In points of error one through three, Mr. Anderson asserts that the trial court erred and abused its discretion in modifying the child support payments. Appellant has described these as "general points" outlining applicable principles of law. By virtue of our discussion in subsequent specific points of error, we overrule points one through three.

lunches. These increased educational expenses total $753 per month. This represents the major portion of the $875 per month increase in Mr. Anderson's obligation ordered by the trial court.

Additionally, evidence was presented disclosing that their daughter will incur increased expenses for extracurricular activities including ballet class, jazz dance class, and summer camp, all in keeping with the parents' station in life. At the time of divorce, these costs were to be billed directly to Mr. Anderson pursuant to the AID. Mr. Anderson now has been relieved of that obligation; thus, it is an increased unfunded expense of the daughter.

Finding no abuse of discretion, we hold the trial court did not err in finding that daughter's expenses have increased since the time of entry of the court's prior decree. Point four is overruled.

### MRS. ANDERSON

■ The trial court found that the income of Mrs. Anderson has decreased since the entry of the court's prior decree; that the amount of net resources available to her is approximately $2,500 per month; and that she is unable to work due to psychological problems currently being experienced by the child. Mr. Anderson asserts in points five through seven that there is no evidence or, alternatively, insufficient evidence to support those findings.

We note initially that an increase in support payments may be warranted if the circumstances of *either* the daughter or Mrs. Anderson have materially and substantially changed. TEX.FAM.CODE ANN. § 14.08 (Vernon 1987). In point four we held that there was evidence to support the finding that the daughter's circumstance had materially and substantially changed; thus, a similar finding regarding Mrs. Anderson is not dispositive of the appeal. *See, e.g., Arndt v. Arndt*, 685 S.W.2d 769, 770 (Tex.App.—Houston [1st Dist.] 1985, no writ) (testimony demonstrating an increase in expenses for child, in absence of evidence showing any decrease in expenses, was sufficient to establish claim of material and substantial change).

Mrs. Anderson testified that her principal income derives from interest which she receives from a certificate of deposit. We hold that Mrs. Anderson's testimony is sufficient to uphold the finding regarding her monthly income.

The parties' daughter has been undergoing mental health counseling. The child's therapist testified that contact with Mrs. Anderson both prior to school and after school is necessary for the emotional well-being of the daughter and that Mrs. Anderson should not work full time. This testimony supports both findings that Mrs. Anderson is not able to work full time and that her income has decreased since the divorce. Finding no abuse of discretion, we overrule points five through seven.

### MR. ANDERSON'S INCOME

■ In point eight, Mr. Anderson asserts that the trial court erred in modifying his child support payments because his income had not changed substantially. In points nine through eleven, Mr. Anderson asserts that there is no evidence or insufficient evidence to support the specific findings regarding his income, his net worth, and his ability to pay child support. In points thirteen through sixteen, Mr. Anderson complains of the court's findings regarding imputed income and other factors the court used in calculating his net worth. Evidence concerning Mr. Anderson's income is only considered in the context of the relative financial positions of the parties. *Labowitz v. Labowitz*, 542 S.W.2d 922, 926 (Tex.Civ.App.—Dallas 1976, no writ). If Mr. Anderson has been ordered to pay more than he can reasonably afford, then the trial court may have abused its discretion. *Bacon v. Kouri*, 696 S.W.2d at 599. The test is whether Mr. Anderson is able to afford $2,000 per month payments, not whether his income has substantially changed. The financial ability of a parent to pay does not depend solely on current earnings but extends to all sources that might be available. *See Musick v. Musick*, 590 S.W.2d 582, 586 (Tex.Civ.App.—Tyler 1979, no writ).

A financial consultant spent ninety-five hours reviewing Mr. Anderson's finances, including his business and personal bank account statements and the cash disbursement ledger of his business. He testified that Mr. Anderson's net worth exceeds $2,500,000, and he has monthly net resources of $10,000. We acknowledge Mr. Anderson's argument that, due to a downturn in the real estate and oil and gas markets, he has cash flow problems. However, considering his net worth, we conclude that the court did not abuse its discretion in determining that Mr. Anderson could afford the increased payments.

Furthermore, Mrs. Anderson testified that during the time she and Mr. Anderson were married they had an income of $40,000 per month, and even then Mr. Anderson complained of being "cash poor" and on the verge of bankruptcy. We further note that during the time Mr. Anderson was not making his child support payments, he admitted to spending large sums for discretionary expenses such as $1,000 on charity ball tickets, $960 for a bracelet for a lady friend, $7,200 to buy stock in a winery, a substantial sum for a vacation to San Francisco, and $23,000 for a loan to his mother. The court also found that Mr. Anderson's home is valued in excess of $300,000. Accordingly, the court may, as factfinder, have not been persuaded by Mr. Anderson's testimony of not having sufficient cash flow to pay child support payments. Point eight attacking the trial court finding that Mr. Anderson's income had not substantially changed is overruled. We also consider the accountant's testimony as evidence to support the other findings of fact regarding Mr. Anderson's resources. This includes the testimony assigning a reasonable monetary value to assets not currently producing income. We accordingly overrule points nine through eleven and thirteen through sixteen.

## CHILD SUPPORT GUIDELINES

In points twelve and seventeen, Mr. Anderson contends that the court did not follow the parameters of the Texas Supreme Court's child support guidelines.

TEX.FAM.CODE ANN. § 14.05, Supreme Court Child Support Guidelines Rule 5 (Vernon 1987). In point eighteen, Mr. Anderson asserts there was no evidence or insufficient evidence to support the finding that he enjoys an affluent lifestyle and has a very substantial income. We have already found support for findings that Mr. Anderson enjoys an income of $10,000 per month. The guidelines require the court to apply a percentage rate (here 19% to 23% for one child) to the first $4,000 per month, and after that the court may order additional amounts of child support as are appropriate, depending on the lifestyle of the family, the income of the parties, and the needs of the child. Here, an award of an additional amount was partly justified because the court found Mr. Anderson enjoyed an affluent lifestyle. We have already detailed evidence in support of that finding such as his expensive home and substantial discretionary expenditures. The general proposition that the Andersons led an affluent lifestyle does not appear to be in dispute. Accordingly, we hold that the court, in modifying the payments, did not depart from the child support guidelines. Points twelve, seventeen, and eighteen are overruled.

## BEST INTEREST OF CHILD

In point nineteen, Mr. Anderson asserts that the increase was not in the best interest of the child. Any modification of a child support award must be in the best interest of the child. TEX.FAM. CODE.ANN. § 14.07 (Vernon 1987). Mr. Anderson asserts that the increase will force him into bankruptcy; therefore, the increase is to the child's detriment. Initially, we note that the actual increase in payments was slight, if any, because Mr. Anderson was relieved of his obligation to pay for private school tuition and extracurricular expenses pursuant to the AID. We also note that the court could have disbelieved Mr. Anderson's testimony that he was on the verge of bankruptcy. But even assuming the validity of Mr. Anderson's argument that he is "cash poor," even a debt-burdened parent may be ordered to

pay a reasonable amount of child support. *See Walton v. Walton,* 567 S.W.2d 66, 68 (Tex.Civ.App.—Amarillo 1978, no writ). Accordingly, point nineteen is overruled.

## ATTORNEY'S FEES

In point twenty, Mr. Anderson asserts that the trial court erred in ordering him to pay Mrs. Anderson's attorney's fees and expenses. TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1987). An award of attorney's fees in proceedings to increase child support is within the court's discretion. *Derbonne v. Derbonne,* 555 S.W.2d 507, 508 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd). Mrs. Anderson had a reasonable basis to pursue her motion, she presented evidence that she could not have pursued her claim without counsel, and she presented evidence to support the reasonableness of the fees. We find no abuse of discretion. Point twenty is overruled.

The judgment of the trial court is AFFIRMED.