IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-102-CV





 RICHARD WAYNE SANDERS,



 APPELLANT


vs.





 CATHERINE MICHELLE BUMGARDNER,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 471,274, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 




 Appellant, Richard Wayne Sanders, by writ of error seeks
review of a default judgment rendered in a paternity suit. 
Appellee, Catherine Michelle Bumgardner, filed her original
petition before the birth of her daughter, alleging that appellant
was the child's biological father. Her suit sought to establish a
parent-child relationship between appellant and the child. She
further sought appointment as the child's managing conservator, as
well as orders for support of the child, for payment of health care
expenses, and for attorney's fees. Appellant did not answer the
suit and did not participate in the trial. By its final judgment,
the trial court decreed that appellant was the child's father and
ordered him to pay child support in the amount of $10,000 per
month, as well as health care insurance, uninsured medical
expenses, attorney's fees, and costs. Appellant argues that the
trial court erred in rendering a default judgment because, due to
defective service, it never acquired in personam jurisdiction over
him. He further asserts that the evidence is either legally or
factually insufficient to support the amount of child support
ordered. We will affirm the judgment of the trial court.



Service was not Defective

 In several points of error, appellant complains that the
trial court erred in rendering a default judgment because it lacked
in personam jurisdiction over him. Appellant complains that the
service on him was defective because he was served with process by
a person other than the person authorized to do so by the trial
court.

 Appellant lives in the State of Virginia. Under the
Texas Rules of Civil Procedure, citation may be served on a
nonresident by any disinterested person authorized to make oath of
the fact. Tex. R. Civ. P. Ann. 108 (1979) (Rule 108). (1) No court
authorization is required under the rules. Nevertheless, upon
appellee's request, the trial court authorized "Doug Cramarty" to
execute service on appellant. A review of the record reveals that
the affidavit of the person requesting authorization as a private
process server, the original return, and the amended return all
appear to bear the same signature of either "D. Cromarty" or
"D. Cramarty." Appellant complains that because of the variance,
there is a lack of jurisdiction apparent on the face of the record
that vitiates the trial court's default judgment and entitles him
to a new trial. See McKanna v. Edgar, 388 S.W.2d 927, 928 (Tex.
1965).

 The Family Code states that, in suits affecting the
parent-child relationship, citation shall be issued and served as
in other civil cases. Tex. Fam. Code Ann. § 11.09(c) (1986). Rule
103 states that citation may be served anywhere by (1) any sheriff
or constable or other person authorized by law or (2) by any person
authorized by law or by written order of the court. Rule 106(a)
provides the methods whereby those authorized by Rule 103 may serve
citation, while Rule 106(b) provides the method for obtaining
alternate service requiring court authorization. Rule 107 directs
the proper manner for executing the return of service. Finally,
Rule 108 states the proper means for obtaining service over a
nonresident, and states that the citation may be served by "any
disinterested person competent to make oath of the fact in the
manner as provided in Rule 106." Appellant does not dispute that,
in the absence of any court order, Rule 108 controls the manner of
serving nonresidents.

 Here, pursuant to Rule 103, the trial court signed an
order authorizing "Doug Cramarty" to act as a private server of
process. The trial court did not prohibit service by anyone
otherwise qualified by law, nor did it order any special manner of
service. Appellant's complaint assumes that only the person
authorized by the court order could execute service upon him. Even
though no order was required, appellant argues that, because an
order was signed, it must be complied with in every respect. We
disagree with appellant; the order authorizing a private server did
not disqualify anyone otherwise qualified under Rule 103 and Rule
108.

 Appellant refers us to several cases in which appellate
courts overturned default judgments because the pleadings,
citation, return, or judgment misspelled or misidentified the
defendant, not the server. See, e.g., Uvalde Country Club v.
Martin Linen Supply Co., Inc., 690 S.W.2d 884 (Tex. 1985); De La
Fuente v. Castillo, 740 S.W.2d 113 (Tex. App. 1987, no writ). The
cases appellant cites are distinguishable. Unlike the present
cause, these cases raise questions of whether it is just to impose
a judgment against a person who was not served or against a person
who was served, but not named in the complaint.

 Similarly, we can distinguish this cause from cases
involving publication or some other form of special or substituted
service ordered by the court. See Rules 106(b), 109, and 109a;
Mega v. Anglo Iron & Metal Co., 601 S.W.2d 501 (Tex. Civ. App.
1980, no writ); Cates v. Pon, 663 S.W.2d 99 (Tex. App. 1983, writ
ref'd n.r.e.). In Mega, a default judgment was reversed when a
Rule 106 order for substituted service was procured that authorized
"A. R. 'Tony' Martinez," to serve citation because the return was
signed by "A. R. Martinez, Jr." In Cates, the judgment was
reversed when substituted service was authorized pursuant to Rule
106, to be performed by "Leonard Green," but the return was signed
by "Lindsey E. Siriko." In both Mega and Cates, the court's order
was necessary to obtain substituted service under Rule 106, and the
record showed that the person executing service was not the person
authorized by the court. In the present cause, however, service
could be perfected without court order by anyone shown to be
competent. 

 Appellant recognizes that a slight misspelling or slight
discrepancy in the name may not require reversal of the judgment. 
He urges that "Doug Cramarty" is an entirely different name from
"D. Cramarty" or "D. Cromarty," which difference establishes that
an unauthorized person served process, making that service and the
return of citation fatally defective. We are not persuaded that a
material discrepancy exits in these names. Even if appellant is
correct that the variance in name is material, however, we hold
that the service was valid because the record reflects that the
server was competent under Rule 108. 

 Of course, the record supporting a default judgment must
show strict compliance with the rules governing service of process. 
McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965). There is no
presumption in favor of valid issuance, service, or return of
citation when a default judgment is directly attacked. Cates, 663
S.W.2d at 102; McKanna, 388 S.W.2d at 929. Failure to show strict
compliance with the rules of civil procedure renders the attempted
service of process invalid. Higginbotham v. General Life &
Accident Ins. Co., 796 S.W.2d 695, 697 (Tex. 1990); Uvalde Country
Club, 690 S.W.2d at 885.

 The amended return in the present cause complies with the
requirements of Rule 108. It reads:



CAME TO HAND on the 2nd day of October, 1989, at 11:00
a.m. executed at 14536 Creek Branch Court, Centerville,
within the County of Fairfax, State of Virginia, at 7:45
o'clock p.m. on the 25th day of October, 1989, by
delivering to the within named Richard Wayne Sanders, in
person, a true copy of the citation attached hereto
together with an attached copy of the Original Petition
of the Plaintiff, having first attached said copy of the
such Petition to such copy of citation and endorsed on
such copy of citation the date of delivery. I am a
person competent to make oath and I have no interest in
this suit. 


 

The only difference between the original and the amended return is
the sentence underlined above. Both the original and amended
returns were signed by the process server, sworn to, and notarized. 
The statement that he had no interest in the suit and was competent
to make oath complies with the requirements of Rule 108. See
Wright v. Wentzel, 749 S.W.2d 228, 232 (Tex. App. 1988, no writ).

 Appellant attacks the amended return as defective because
the trial court allowed it to be filed without notice to the
appellant. The trial court has the discretion to allow the
amendment of proof of service:



At any time in its discretion and upon such notice and on
such terms as it deems just, the court may allow any
process or proof of service thereof to be amended, unless
it clearly appears that material prejudice would result
to the substantial rights of the party against whom the
process issued.



Tex. R. Civ. P. Ann. 118 (1972). 

 Review of a trial court's action under the abuse of
discretion standard is a question of law. Jackson v. Van Winkle,
660 S.W.2d 807, 810 (Tex. 1983). The test for abuse of discretion
is whether the court acted without reference to any guiding rules
and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985); Craddock v. Sunshine Bus Lines, 133 S.W.2d
124, 126 (Tex. 1939). Another way of stating the test is whether
the act was arbitrary or unreasonable. Downer, 701 S.W.2d at 242.

 There is no indication that the trial court acted
arbitrarily or unreasonably. When a defendant has not asserted
that the earlier return on the citation misled him, it is not an
abuse of discretion for the trial court to allow an amended return
to be filed or to permit filing without requiring notice of that
amendment to the defendant. Bavarian Autohaus, Inc. v. Holland,
570 S.W.2d 110, 113 (Tex. Civ. App. 1978, no writ). In the present
cause, appellant does not assert that the earlier return on the
citation misled him. In addition, the trial court found that "the
substantial rights of the Respondent . . . are not materially
prejudiced by the nature or terms of this amendment." Recently,
the supreme court emphasized that Rule 118 is to be given very
liberal construction by holding that the trial court's order on
motion for new trial, together with the rest of the record on
appeal, as a whole, acts to amend the return and evidences strict
compliance with a valid method of service. See Higginbotham, 796
S.W.2d at 696-97.

 Appellant further urges that the amended return of
citation is defective because it fails to include a sworn statement
that the server of process was eighteen years or older. Rule 108
does not require such a statement, so its absence does not make
this amended return defective under the rules. Further, the return
of service need not show the facts set out in the statute
authorizing service, if they are shown from the record as a whole. 
See, e.g., McKanna, 388 S.W.2d 927. In the present cause, the
affidavit of the process server states that he is over eighteen,
and the trial court made a specific finding in the order under Rule
103 that the process server is "more than 18 years of age." 

 Finally, appellant argues that the amended return of
citation was invalid because a photocopy, rather than the original
of the citation, was attached to the amended return. Rule 108
provides "[r]eturn of service in such cases shall be endorsed on or
attached to the original notice." This provision applies, however,
to the original return of citation and does not govern an amended
return. Rule 118, which governs amended returns, does not require
that amended returns be attached to the original citation.

 Appellant's first, second, sixth, and seventh points of
error are overruled.



There is no Error Apparent from the Face of the Record


 Appeal by writ of error is a statutorily authorized,
direct attack on a default judgment. Tex. Civ. Prac. & Rem. Code
§§ 51.012, 51.013 (1986); Tex. R. App. P. Ann. 45 (Pamph. 1990). 
A party must meet four prerequisites to assert an appeal
successfully by writ of error: (1) the petition was brought within
six months after the judgment was signed; (2) the petition was made
by a party to the suit; (3) the petitioning party did not
participate in the trial; and (4) the error complained of is
apparent from the face of the record. Stubbs v. Stubbs, 685 S.W.2d
643, 644 (Tex. 1985).

 On appeal by writ of error the reviewing court is not
limited to a review of the transcript. Morales v. Dalworth Oil
Co., 698 S.W.2d 772, 774 (Tex. App. 1985, writ ref'd n.r.e.). The
court may test the validity of the judgment by reference to all the
papers on file in the case, including the statement of facts. 
First Dallas Petroleum, Inc. v. Hawkins, 727 S.W.2d 640, 643 (Tex.
App. 1987, no writ); see also Smith v. Smith, 544 S.W.2d 121 (Tex.
1976) (where in a divorce case, there was no statement of facts,
the judgment was invalid). The Family Code requires a record to be
made in all suits affecting the parent-child relationship unless
waived by the parties with the consent of the court. Tex. Fam.
Code Ann. § 11.14(d) (1986); Rogers v. Rogers, 561 S.W.2d 172, 173
(Tex. 1978); Kisinger v. Kisinger, 748 S.W.2d 2, 5 (Tex. App. 1987,
no writ).

 In his third, fourth, and fifth points, appellant asserts
that the evidence is legally or factually insufficient to support
the amount of child support awarded and the judge's finding of
paternity. He argues that the trial court erred in ordering child
support payments of $10,000 per month either because there was no
evidence as to the needs of the child or the net resources of the
appellee, or because there was insufficient evidence to support a
child support order for such an amount. 

 Generally, the same standards of review that govern
ordinary appeals govern review of a default judgment once the other
requirements of a writ of error have been met. Hawkins, 727 S.W.2d
at 643. The usual presumption of the judgment's validity does not
apply, however, when the appellate court reviews a default judgment
by writ of error. McKanna, 388 S.W.2d at 929. When an appellant
challenges both the legal and factual sufficiency of the evidence,
we must first determine whether some evidence supports the jury's
findings. Calvert, "No Evidence" and "Insufficient Evidence"
Points of Error, 38 Texas L. Rev. 361, 369 (1960). In reviewing a
"no evidence" point, the court considers only the evidence and
reasonable inferences drawn from that evidence in the light most
favorable to the findings, disregarding all contrary evidence and
inferences. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In
re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). The court will
sustain the point if it finds a complete lack of probative evidence
or only a scintilla of evidence.  See Calvert, supra. 

 The legislature has promulgated child support guidelines
to aid courts in setting child support in suits affecting the
parent-child relationship, including paternity suits. Tex. Fam.
Code Ann. § 14.052(a) (Supp. 1991) (the Code). The amount of
support shall be determined without regard to whether the child was
born in wedlock. Code § 14.05. The statute creates a rebuttable
presumption that the amount of support set out in the guidelines is
reasonable and is in the child's best interest. Code § 14.05(h). 
But, the statute directs that the court may consider the following
factors along with the guidelines in determining the amount of
support in a particular case:



(1) the needs of the child;


(2) the ability of the parents to contribute to the
support of the child;


(3) any financial resources available for the support
of the child; and


(4) the amount of possession to and access to a child.



Code § 14.052(b). See also Code § 14.054 (a nonexclusive list of
relevant factors that may justify a level of child support at
variance from the range recommended in the guidelines). Among
other factors, the court may consider any special or extraordinary
educational, healthcare or other expenses of the child or the
parties. Code § 14.054(11). The Code further authorizes
additional support, depending on the child's needs, when the
obligor's net resources exceed $4000 monthly. Code § 14.055(c).

 We reject appellant's contentions that the trial court
erred in ordering child support payments of $10,000 per month
either because there was no evidence as to the needs of the child
or because there was no evidence as to appellee's net resources. 
The statement of facts contains probative evidence on both issues.

 There was evidence presented as to the special needs of
the child. At the time of the hearing, the child was forty-two
days old and required full-time nursing case by her mother. The
evidence showed that the child is being treated and studied by the
SIDS Institute in Lake Jackson, Texas, as well as by her own
pediatrician. She is at risk for Sudden Infant Death Syndrome
(SIDS) because she is the sibling of a SIDS victim and because she
has been diagnosed as having abnormally high obstructive episodes
in her breathing and has had some "central apnea episodes." She
has to be monitored full time by an apnea monitor; someone trained
in CPR who is never more than 10 seconds away from the child, must
resuscitate her when the monitor sounds an alarm. In a typical
evening the alarm sounds frequently; the mother repeatedly revives
her and consults with doctors and technicians over the phone. 

 Appellee testified that she was a social worker on leave
from the Austin-Travis County Mental Health and Mental Retardation
Agency and that she would lose her job and her health insurance if
she could not find full-time nursing care for the child and return
to work. She testified that it did not "look like" she would be
able to return to work. Appellant's third and fourth points of
error are overruled.

 In his fifth point of error, appellant argues that there
is insufficient evidence to support the order that he pay child
support of $10,000 a month. When reviewing sufficiency of the
evidence points, the court considers and weighs all evidence in the
case to determine whether the evidence is insufficient or if the
verdict is so against the great weight and preponderance of the
evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715
S.W.2d 629 (Tex. 1986); King's Estate, 244 S.W.2d at 661. 

 Although the testimony was limited, in addition to
evidence of the child's needs and appellee's lack of resources, the
evidence showed that at the time appellant was a professional
football player, starting wide receiver for the Washington
Redskins; that he was promised a new contract following the Super
Bowl; that he was seeking compensation of at least $1 million a
year; and that when he went to camp that year he "held out" for a
new contract and negotiated one that appellee believed met his
contract request of more than $3.5 million over three years. 

 In its judgment, the court found that appellant had an
earning capacity of at least $1 million per year, that child
support should be set at $10,000.00 a month based on the needs of
the child, and that the child's needs included twenty-four hour a
day nursing care. The court also ordered that appellant maintain
health insurance for the child and pay all medical expenses not
covered by health insurance. 

 In support of his contention that under this record the
Family Code limits the maximum award of child support to $800.00
per month, appellant cites the following provision of the Code:



In situations in which the obligor's net resources exceed
$4,000 per month, the court shall presumptively apply the
percentage guidelines in Subsection (b) of this section
[20% for one child] to the first $4,000 of the obligor's
net resources. Without further reference to the
percentage recommended by these guidelines, the court may
order additional amounts of child support as proven,
depending on the needs of the child at the time of the
order.



Code § 14.055(c) (emphasis added).

 We disagree with appellant's interpretation. As
discussed above, there was evidence of the special healthcare needs
of the child. In addition, the court has discretion in applying
the guidelines: "a Court may determine that the application of the
guidelines would be unjust or inappropriate under the
circumstances." Code § 14.055(a). A judgment ordering child
support will not be disturbed on appeal absent a showing of a clear
abuse of discretion. Carpenter v. White, 624 S.W.2d 618, 619 (Tex.
App. 1981, no writ); Eggemeyer v. Eggemeyer, 535 S.W.2d 425, 427
(Tex. Civ. App. 1976), aff'd, 554 S.W.2d 137 (Tex. 1977). A trial
court abuses its discretion when it acts unreasonably or
arbitrarily, without reference to any guiding principles or rules. 
Downer, 701 S.W.2d at 241. The trial court may abuse its
discretion by ordering one to pay more support than he reasonably
can afford. Bacon v. Kouri, 696 S.W.2d 599 (Tex. App. 1985, no
writ). The trial court's judgment will not be reversed, however,
simply because the appellate court might disagree or might have set
a different figure, either higher or lower. Smallwood v.
Smallwood, 625 S.W.2d 75, 77 (Tex. App. 1981, no writ); Ramey v.
Ramey, 425 S.W.2d 900, 901 (Tex. Civ. App. 1968, writ dism'd). 
Further, the amount of child support payments awarded by the
judgment will not be revised merely because the reviewing court
considers those payments too high or too low. Eggemeyer, 535
S.W.2d at 427.

 The child support award in this case is generous, but not
unprecedented, considering the father's resources. A $2,000.00 per
month child support order, representing 20% of the father's monthly
net resources of $10,000.00 has been upheld, partly because the
mental health needs of the child prevented the mother from working
full time and partly because of the father's affluent lifestyle and
substantial income. Anderson v. Anderson, 770 S.W.2d 92, 96 (Tex.
App. 1989, no writ). In a case decided before written guidelines
were promulgated, one court of appeals observed that "the Court
would be justified in requiring the parents to provide a standard
of living for their children commensurate with that which they have
and will continue to enjoy for themselves." Cooper v. Cooper, 513
S.W.2d 229, 234 (Tex. Civ. App. 1974, no writ).

 Similarly, a $3,500.00 per month child support order (for
two children) has been characterized as conservative, but for the
fact that the father was also required to pay for summer camp, for
all medical, dental, orthodontic, and hospital bills for the
children, for medical insurance coverage, and for a term life
insurance policy on his life. Eikenhorst v. Eikenhorst, 746 S.W.2d
882, 886 (Tex. App. 1988, no writ). There was evidence that
appellant in the present case earns more than four times the
$220,000.00 per year reported as the income of the obligor in
Eikenhorst. 

 In light of the evidence in the record and the factors
the trial court was entitled to consider in reaching its decision,
we cannot conclude that the trial court abused its discretion in
ordering the child support award. The amount of child support is,
of course, always subject to modification as circumstances of the
child and parents may change. Appellant's fifth point of error is
overruled.

 In his eighth point of error, appellant argues that the
trial court erred in finding him to be the father of the child
because there was insufficient evidence to support the finding. He
has cited no authority for this portion of his argument. A
contention so inadequately presented is waived. Rayburn v. Giles,
182 S.W.2d 9 (Tex. Civ. App. 1944, writ ref'd). In default
judgments, moreover, the defaulting party has admitted the facts
properly pleaded and the justice of the opponent's claims. 
Paramount Pipe and Supply Co. v. Muhr, 749 S.W.2d 491, 496 (Tex.
1988). Thus, appellant has admitted, as a matter of law, the
paternity allegation in the pleadings. 

 In addition, appellee testified that appellant is the
father, that appellant admits that he is the father, and that he
had sent her money for the child's apnea monitor. Appellant's
eighth point of error is overruled.

 In light of our holding, appellant's remaining point of
error, regarding attorney's fees, is overruled. The judgment of
the trial court is affirmed.



 
 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: June 12, 1991

[Do Not Publish]
1. All references to rules are to Texas Rules of Civil
Procedure Annotated (1979 & Supp. 1991).